```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                   :
TYREN ALI,                         :
                                   :
          Petitioner,              :   Civ. No. 14-7723 (NLH)
                                   :
     v.                            :   OPINION
                                   :
UNITED STATES OF AMERICA,          :
                                   :
          Respondent.              :
_____:

APPEARANCES:
Tyren Ali, #63465-050
FCI McDowell
P.O. Box 1009
Welch, WV 24801
     Petitioner, pro se

HILLMAN, District Judge

    This matter is presently before the Court upon a Motion for Recusal (ECF No. 2) filed by Petitioner Tyren Ali, an inmate confined at Federal Correctional Facility McDowell in Welch, West Virginia.  For the reasons set forth below, the motion will be DENIED.

                          I.   BACKGROUND

    In December 2011, Petitioner plead guilty to conspiring to distribute crack cocaine, in violation of 21 U.S.C. §§ 841 and 846.  In a hearing held on June 25, 2012, this Court sentenced Petitioner to 204 months' imprisonment, followed by five years of supervised release.  Petitioner appealed and the appellate

court affirmed the sentence. See United States v. Ali, 537 F. App'x 117 (3d Cir.) cert. denied, 134 S. Ct. 806, 187 L. Ed. 2d 610 (2013).

Petitioner then filed the instant motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1). He also filed a Motion for Recusal (ECF No. 2), which the Court now addresses.

In his Motion for Recusal, Petitioner states that, during the sentencing hearing, the Court had Petitioner removed from the courtroom and while it participated in an ex parte communication. Petitioner refers to Ground Two of his Petition in support of his motion. Petitioner further asserts that "a reasonable person knowing all the circumstances would [conclude that there exists] impartiality or antagonism on the part of the sentencing Court." (Mot. 2, ECF No. 2). Petitioner cites to In re Kensington Int'l Ltd., 368 F.3d 289 (3d Cir. 2004) in support of his motion.

## II.   ANALYSIS

A determination regarding recusal is within the sound discretion of the trial court judge. United States v. Wilensky, 757 F.2d 594, 599-600 (3d Cir. 1985). The two principal statutes which address judicial recusal are 28 U.S.C. §§ 144 and 455.

Under 28 U.S.C. § 144, recusal must occur "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. However, a "substantial burden is imposed on the party filing an affidavit of prejudice to demonstrate that the judge is not impartial." Frolow v. Wilson Sporting Goods Co., No. 05-04813, 2011 WL 1337513, at *2 (D.N.J. Apr. 7, 2011) (citation omitted); see also Kilkeary v. United States, No. 12-2781, 2015 WL 3798061, at *4 (D.N.J. June 18, 2015).

Alternatively, § 455(a) provides, in pertinent part, that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." Allen v. Parkland Sch. Dist., 230 F. App'x 189, 193 (3d Cir. 2007) (citing In re Kensington, 353 F.3d at 220).

In the instant motion, Petitioner states that recusal is warranted because a reasonable person would conclude that the Court's impartiality might reasonably be questioned.  Thus, he seeks recusal under § 455(a).  The only rationale Petitioner

offers in support of recusal is his assertion that the Court participated in an ex parte communication during his sentencing hearing.  However, Ground Two of his Petition, to which Petitioner refers in his Motion, clarifies that Petitioner relies on the fact that the "Court consult[ed] with the Probation Officer for some 'final language' before pronouncement of [the] sentence." (Pet. 6, ECF No. 1).

Given these circumstances — as alleged in Petitioner's Motion and in his Petition — there is absolutely no basis to conclude that the impartiality of the Court could be questioned. A reasonable person — with knowledge that the Court consulted with another judicial employee, the Probation Officer, to refine the language of the sentencing order — would not conclude that the Court's impartiality might reasonably be questioned. See Allen, 230 F. App'x at 193; In re Kensington, 353 F.3d at 220. Petitioner's reason for questioning the Court's impartiality are without merit and recusal under § 455(a) is not warranted.

Likewise, Petitioner does not provide any basis to conclude that the Court had a personal bias or prejudice against Petitioner or in favor of any adverse party; thus, recusal under § 144 is not warranted. See 28 U.S.C. § 144.

III. <u>CONCLUSION</u>

For the foregoing reasons, Petitioner's Motion for Recusal (ECF No. 2) is DENIED.

An appropriate Order follows.


                                           __s/ Noel L. Hillman_____
                                           NOEL L. HILLMAN
                                           United States District Judge

Dated: October 27, 2015
At Camden, New Jersey