UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
TYREN ALI,                    :
                              :
        Petitioner,           :    Civ. No. 14-7723 (NLH)
                              :
    v.                        :    OPINION
                              :
UNITED STATES OF AMERICA,     :
                              :
        Respondent.           :
_____:

APPEARANCES:
Tyren Ali, #63465-050
Federal Correctional Institution - Berlin
P.O. Box 9000
Berlin, NH 03570
    Petitioner, pro se

Diana V. Carrig, Esq.
Office of the United States Attorney
U.S. Post Office Building
401 Market Street
4th Floor
Camden, NJ 08101
    Counsel for Respondent


HILLMAN, District Judge

    Presently before the Court is the Motion to Vacate, Set

Aside, or Correct Sentence of Tyren Ali ("Petitioner") brought

pursuant to 28 U.S.C. § 2255 (the "Petition"). ECF No. 1. In

response to this Court's Order to Answer, ECF No. 7, Respondent

the United States of America (the "Government" or "Respondent")

filed its Answer, ECF No. 14, and Petitioner filed a Reply, ECF

No. 18. Subsequently, Petitioner filed a Motion to Amend the

Petition pursuant to Federal Rule of Civil Procedure 15. ECF

1

No. 20.  The Government filed an opposition to the Motion to

Amend.  ECF No. 29.  Petitioner also filed a reply in support of

his request to amend.  ECF No. 32.  For the following reasons,

the Court will deny Petitioner's Motion to Amend, deny the

Petition, and decline to issue a certificate of appealability.

I.   BACKGROUND

     A.   Criminal Proceedings

     On September 10, 2010, West Deptford, New Jersey police

officers stopped a vehicle driven by Petitioner.  ECF No. 14 at

3.  During the traffic stop, the officers discovered $16,000 in

cash, a hidden firearm, and paper that appeared to be a coded

drug ledger.  Id.  A few months later, on November 18, 2010,

officers searched Petitioner's home and seized a small amount of

marijuana and $30,000.  Id.

     In 2011, through discussions with a confidential informant,

the U.S. Drug Enforcement Agency ("DEA") discovered that

Petitioner operated a drug distribution ring in Camden, New

Jersey.  Id. at 4.  With this information, the DEA set up a

series of controlled drug purchases of cocaine and crack cocaine

between the CI and Petitioner and his brother.  Id.  These

transactions occurred between March 3, 2011, and May 5, 2011.

     Petitioner was arrested on May 19, 2011, pursuant to a

federal criminal complaint, arising from an investigation into a

conspiracy to distribute and possess with intent to distribute

2

more than 28 grams of a mixture and substance containing detectable amounts of cocaine base contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and in violation of 21 U.S.C. § 846. No. 11-cr-752, ECF Nos. 1 (complaint); 13 (executed arrest warrant).[1]  The next day, Petitioner met with law enforcement agents and admitted to, inter alia, travelling to East Orange, New Jersey to purchase cocaine in kilogram quantities, repackaging the cocaine into smaller units, and paying his brother to conduct small transactions for him.  No. 14-cv-7723, ECF No. 14 at 5.

Several months into his criminal proceedings, Petitioner retained Peter Alfinito, Esq. as his attorney.  No. 11-cr-752, ECF No. 15.  Mr. Alfinito represented Petitioner throughout the remainder of his criminal proceeding, including his September 6, 2011, proffer session, his plea hearing, and ultimately his sentencing on June 25, 2012.  Mr. Alfinito was present with Petitioner at the proffer, at which time Petitioner admitted to his conduct and provided detailed information regarding the conspiracy and the allegations of the complaint, admitting that these allegations were true and accurate.  See No. 11-cr-752, ECF No. 28-2.

---

[1] The criminal complaint and initial proceedings were originally filed under No. 11-mj-1016 and later merged into No. 11-cr-752 after an indictment was returned.

On November 1, 2011, the Government indicted Petitioner on charges related to the criminal complaint. No. 11-cr-752, ECF No. 22. At his arraignment on November 4, 2011, Petitioner pleaded not guilty to the sole count of the indictment, and his case was scheduled for a jury trial to commence on January 9, 2012. No. 11-cr-752, ECF No. 23.

Petitioner pled guilty on December 9, 2011. See No. 11-cr-752, ECF Nos. 32 (minute entry), 41 (plea hearing transcript). The Court conducted a lengthy and thorough plea colloquy. No. 11-cr-752, ECF No. 41 (plea hearing transcript). The plea included a written plea agreement with the Government. See No. 11-cr-752, ECF No. 34 (plea agreement). The plea agreement laid out the statutory mandatory minimum term of five years' imprisonment, and the statutory maximum sentence of forty years' imprisonment. Id. at 1. The plea agreement did not include an agreed upon term of imprisonment, but it did contain a narrow waiver regarding a stipulated drug quantity that if accepted by the Court could not be challenged on appeal or collateral attack.[2] Id. at 2-3, Sch. A.

At the Rule 11 hearing, Petitioner agreed that he had reviewed with Mr. Alfinito and understood the plea agreement, the charges contained in the various charging documents, and the

---

[2] The Petition does not implicate the factual stipulation contained in the plea agreement that would trigger the waivers.

rights and penalties defined in the Rule 11 form.  Id.  He also
confirmed that he was satisfied with his counsel's
representation and advice.  Id.

At the plea hearing, Petitioner and Mr. Alfinito signed and
submitted a written Application for Permission to Enter Plea of
Guilty.  No. 11-cr-752, ECF No. 33.  In the Application,
Petitioner stated that he told his lawyer all the facts and
circumstances known to him about the charges set forth in the
indictment, that he was satisfied that his lawyer understood the
information that he provided, and that his lawyer counseled and
advised him on the nature of each charge and on all possible
defenses he might have in this case.  Id., ¶¶ 15-16.  He also
stated that his lawyer explained the plea agreement to him and
that he understood it.  Id., ¶ 37.  Finally, Petitioner stated,
"I believe that my lawyer has done all that anyone could do to
counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND
HELP MY LAWYER HAS GIVEN ME."  Id., ¶ 42.

Before sentencing, the Probation Office determined that
Petitioner qualified as a Career Offender within the meaning of
U.S.S.G. § 4B1.1.  ECF No. 14 at 6.  Specifically, Petitioner
had a heroin trafficking conviction stemming from an arrest on
May 8, 2001 (violation of N.J. Stat. Ann. 2C:35-5(b)(3)), a
cocaine trafficking conviction stemming from an arrest on August
4, 2001 (violation of N.J. Stat. Ann. 2C:35-7), and another

cocaine trafficking conviction from an arrest on April 29, 2005
(violation of N.J. Stat. Ann. 2C:35-7).  See ECF No. 14 at 7
(citing presentence investigation report).  Given Petitioner's
criminal history, the Probation Office then determined that
Petitioner had a criminal history category VI and a total
offense level of 31, which corresponds to an advisory guidelines
range of 188 to 235 months of imprisonment.  Id.

On June 25, 2012, the parties appeared before the Court for
sentencing.  Petitioner's counsel first argued that although the
Career Offender guideline may apply to him, Petitioner was in
reality a low-level street dealer and did not deserve the length
of sentence contemplated by the advisory guidelines.  No. 11-cr-
752, ECF No. 40 (sentencing transcript).  In addition, counsel
requested a downward variance based on the relatively small
quantities of drugs in this and prior cases, Petitioner's health
because he had been shot twice, Petitioner's difficult
upbringing with a drug addicted mother and the lack of a father,
Petitioner's age, Petitioner's family support, and the
sentencing disparity between the state and federal systems for
the given offense.  Id.  See also ECF No. 1-3 (sentencing
memorandum).  At the sentencing hearing, counsel for Petitioner
had Petitioner's mother speak on behalf of her son.  No. 11-cr-
752, ECF No. 40 (sentencing transcript).  Petitioner's mother
detailed Petitioner's difficult upbringing, her prior addiction

to drugs, and Petitioner's instrumental role in supporting her recovery from the addiction. Id.

After hearing argument from both parties, the Court declined to grant a downward variance and sentenced Petitioner to 204 months of imprisonment, a sentence roughly in the middle of the advisory range, along with a term of supervised release and restitution. No. 11-cr-752, ECF Nos. 36 (judgment of conviction), 40 (sentencing transcript). The Court explained its reasoning for the sentence given as follows:

> Mr. Ali is not an atypical Career Offender in the federal system. He is the typical Career Offender. And I see nothing in this record to deviate from the sentencing guideline provision which raises his offense level to 34 and mandates an advisory sentencing range of 188 and 235 months, and, more importantly, I see nothing in the record to cause me to vary from that offense – from the range, which I find reflects the seriousness of the offense, the repeated conduct. It's only a sentence of this long or a sentence within that range [that] will promote respect for the law, that will provide just punishment, that will protect the public from further crimes of this defendant, who seems unwilling or unable to do anything with his life other than deal drugs.
>
> And if one needed any more confirmation, it's his own statements to the DEA and his distribution of large amounts of cocaine in this city, which is plagued by drug dealing, drug abuse and drug crime, to confirm his status as a Career Offender.
>
> I don't impose this sentence lightly and it pains me to do it. I'm sure Mr. Ali has good qualities. His mother and fiancée have attested to those. And I think, to some extent, he's a product of his environment. But I'm struck by a profound irony that he would save his mother from drug abuse and drug

> addiction, and yet repeatedly sell the same poison
> into the streets of Camden . . . .
>
> I am convinced that a sentence within the sentencing
> guideline range promotes the statutory factors,
> reflects the seriousness of the crime, and is
> warranted under all of the circumstances here.

No. 11-cr-752, ECF No. 40 at 32-33.

    B.    Appeal

On June 26, 2012 and July 3, 2012, Petitioner filed notices

of appeal pro se.  No. 11-cr-752, ECF Nos. 37, 39.  Petitioner's

trial counsel, Mr. Alfinito, was appointed to represent him on

appeal.  See No. 12-2870 (3d Cir.) (order entered July 31,

2012).  Mr. Alfinito, however, filed a motion to withdraw as

counsel because Petitioner "is planning on proceeding with an

ineffective counsel strategy for his appeal" and such a strategy

would "present a conflict [of] interest" given Mr. Alfinito's

prior representation of Petitioner.  See id. (motion filed Aug.

15, 2012).  The motion was granted, and the Court of Appeals for

the Third Circuit then appointed Joseph R. Donahue, Esquire, to

represent Petitioner on appeal.  See id. (orders dated August

21, 2012, and November 27, 2012).

On appeal, Petitioner argued that the district court abused

its discretion by failing to vary downwardly from the 188 to 235

month advisory Guidelines range and instead sentenced Petitioner

to 204 months' imprisonment.  See id.  The Third Circuit

rejected Petitioner's arguments and affirmed his judgment of

conviction and sentence.  See id. (non-precedential opinion and judgment filed September 30, 2013).  In doing so, the Third Circuit concluded that his sentence was not unreasonable in light of Petitioner's long criminal history.  See id.  The Third Circuit issued the mandate regarding Petitioner's appeal on October 22, 2013.  No. 11-cr-752, ECF No. 43.  Petitioner did not file a petition for writ of certiorari, and thus his sentence became final on January 21, 2014.

C.    § 2255 Motion

On December 11, 2014, Petitioner timely filed a Motion to Vacate, Set Aside, or Correct Sentence.  No. 14-cv-7723, ECF No. 1.  In the Petition, Petitioner raises as grounds for relief the allegedly ineffective assistance his trial counsel, Mr. Alfinito, rendered to him at sentencing.  Petitioner also raises as grounds for relief the allegedly ineffective assistance of his appellate counsel, Mr. Donahue.

With respect to trial counsel, Mr. Alfinito, Petitioner argues that his counsel failed to assist him effectively because (1) he argued a frivolous claim regarding the disparity of sentencing for the charged offense between the state and federal systems; (2) he failed to cite certain cases in which similarly situated criminal defendants received lesser sentences; and (3) he failed to object to a discussion between the Court and the Probation Department before the sentence was pronounced.  See

ECF No. 1 at 4-5.  Petitioner supports his arguments with a well-researched brief in support of his Petition.  <u>See</u> ECF No. 1-2.

With respect to appellate counsel, Mr. Donahue, Petitioner argues that his appellate counsel failed to assist him effectively because he failed to raise on appeal the ineffective assistance of trial counsel.  <u>See</u> <u>id.</u> at 12-13.  In addition, Petitioner argues that Mr. Donahue was ineffective for failing to raise trial counsel's lack of objection to the Court's discussion with Probation during the sentencing hearing, at which Petitioner contends he had a right to be present and heard.  ECF No. 1 at 4-5.

II.  STANDARD OF REVIEW

A prisoner in federal custody under a federal sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon the grounds that (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," or (3) "the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255(a).  The Court, in considering a § 2255 motion, must accept the truth of a movant's factual allegations unless they are frivolous on the basis of the existing record.  <u>See</u> <u>United States v. Booth</u>, 432 F.3d 542, 545 (3d Cir. 2005).  A court may deny the motion without holding

an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

III. DISCUSSION

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 685-86 (1984). A defendant who alleges ineffective assistance must satisfy the two-part test outlined in Strickland:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687.

To show deficient performance, "the defendant must show that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." Id. at 686-88. A petitioner must identify the particular acts or omissions that are challenged as unprofessional. See id. at 690. Under this first prong of the Strickland test, scrutiny of counsel's conduct must be "highly deferential." See id. at 689. Indeed, "[c]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the

11

exercise of reasonable professional judgment." Id. at 690. The reviewing court must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. If counsel makes "a thorough investigation of law and facts" about his plausible options, then counsel's strategic choices are "virtually unchallengeable." Gov't of Virgin Islands v. Weatherwax, 77 F.3d 1425, 1432 (3d Cir. 2006) (citing Strickland, 466 U.S. at 690-91).

The second prong of the Strickland test requires the petitioner to prove prejudice. See Strickland, 466 U.S at 693. To demonstrate prejudice, the defendant must show that counsel's deficient performance "actually had an adverse effect on the defense." Id. at 693. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011).

In the context of a guilty plea, the prejudice prong requires that defendant "show that there is a reasonable probability that, but for counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial." <u>Hill</u>
<u>v. Lockhart</u>, 474 U.S. 52, 59 (1985).  Only attorney errors that
affect the outcome of a criminal proceeding will be grounds for
habeas relief.  <u>Strickland</u>, 466 U.S. at 691.  The requirement of
prejudice reflects the substantial interest in the finality of
guilty pleas that would be too easily undermined by defendants
seeking a more favorable outcome to challenge a plea after the
fact.  <u>Hill</u>, 474 U.S. at 58.  "[A] court need not determine
whether counsel's performance was deficient before examining the
prejudice suffered by the defendant as a result of the alleged
deficiencies . . ..  If it is easier to dispose of an
ineffectiveness claim on the ground of lack of sufficient
prejudice . . . that course should be followed.'"  <u>Strickland</u>,
466 U.S. at 697.

     In the first ground for relief, Petitioner argues that his
trial counsel was ineffective when he "objected to [his]
classification as a career offender . . . by asserting the
frivolous claim that state drug dealer offenders would be
treated differently" and that trial counsel "failed to prepare
and raise relevant and prevailing point[s] contained in
decision[s] within the District of New Jersey for similar
situated designated career offenders."[3]  ECF No. 1 at 4.

_____

[3] The Government interprets the Petition to assert an ineffective
claim for failing to file a notice of appeal.  To the extent

Petitioner has put forth no evidence or argument that would demonstrate prejudice from this conduct, i.e. that Petitioner would have chosen to proceed to trial but for the alleged ineffectiveness.  Indeed, Petitioner does not even argue that he would have proceeded to trial but for the alleged ineffectiveness.  Instead, Petitioner argues that he would have received a lesser sentence if his counsel was not ineffective.  Such an argument, however, is not the standard for prejudice.  See Hill, 474 U.S. at 59.

There is no evidence of prejudice to Petitioner in the record.  Here, Petitioner was informed of the minimum and maximum sentences for the offense to which he pled guilty and the non-binding nature of advisory guidelines both in writing and also at the guilty plea hearing.  He acknowledged that he understood the consequences of pleading guilty both in writing and in open court.  He thus knew the risk he was taking by pleading guilty and still chose to do so.  There is no evidence in the record that but for the alleged performance deficiencies, Petitioner would have proceeded to trial.  Notably, had Petitioner proceeded to trial and been convicted, Petitioner

---

that Petitioner seeks to assert such a claim, the Court would deny it given that Petitioner filed his own notice of appeal two days after his judgment of conviction was entered and well within the time for filing a notice of appeal.  See No. 11-cr-752, ECF No. 37.  He has thus suffered no prejudice.

would not have received the two-point reduction for acceptance of responsibility and would have faced a higher advisory guideline range than he did by pleading guilty, which further undercuts any argument to establish prejudice.

During the sentencing, the Court explained the reasons for the sentence given:  Petitioner was a typical repeat drug offender, he had at least three prior qualifying offenses that designated him as a Career Offender, he had no meaningful work history and his prior offenses and the charged conduct demonstrated that Petitioner is "unwilling or unable to do anything with his life other than deal drugs."  As the Court noted at sentencing, the Court saw nothing in the record to support deviating or varying from the Guidelines range.  The Court has broad discretion at sentencing, see Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc), and Petitioner's sentence was well within the Court's discretion and was affirmed on appeal.

The record reflects that Petitioner's counsel made appropriate and reasonable arguments regarding Petitioner's status as a career offender and urged the Court to consider leniency.  That the Court rejected those arguments and found on the record before it that Petitioner was not an atypical career offender does not make his counsel's advocacy constitutionally ineffective.  Petitioner has failed to demonstrate any prejudice

he sustained from the alleged ineffectiveness of his trial counsel contained in the first ground for relief.

The other argument raised in Petitioner's first ground for relief is that his appellate counsel was ineffective for failing to raise his trial counsel's ineffectiveness. Specifically, Petitioner states that his appellate counsel should have raised his trial counsel's performance failures.

"[I]n order to prevail on a claim that appellate counsel was ineffective, a petitioner must show not only that counsel's performance fell below an objective standard of reasonableness, but also that there was a reasonable probability, but for counsel's deficiency in raising the arguments on appeal, that the conviction would have been reversed on appeal." Reid v. Ricci, No. 07-cv-3815, 2008 WL 2984207, *9 (D.N.J. July 21, 2008) (citing Buehl v. Vaughn, 166 F.3d 163, 173-74 (3d Cir. 1999)). Petitioner's argument regarding his appellate counsel fails because the issues he has cited would have lacked merit on appeal for the reasons they now lack merit when raised in the Petition. It was thus not objectively unreasonable for his appellate counsel not to raise these meritless issues on appeal. See Reid, 2008 WL 2984207, at *9; United States v. Hall, 2010 U.S. Dist. LEXIS 43754, *8, 2010 WL 1816796, *3 ("An attorney cannot be ineffective for failing to raise a claim that lacks merit.") (citing Moore v. Deputy Comm'r of SCI-Huntington, 946

F.2d 236, 245 (3d Cir. 1991)). Further, Petitioner cannot

demonstrate prejudice as to this ground, because he has not

demonstrated a reasonable probability that an appeal would have

resolved in his favor but for counsel's alleged error. For

these reasons, Petitioner's first ground for relief will be

denied.

With respect to Petitioner's second ground for relief,

Petitioner asserts that he was "removed from the Courtroom while

the . . . Court consulted with the Probation Officer for some

'final language' before [the] pronouncement of sentence." ECF

No. 1 at 5. Petitioner contends that Mr. Alfinito failed to

object to this "ex parte communication" and did not argue

Petitioner's "right to be present at sentencing and the

opportunity to be heard during talks concerning" his sentencing.

Id. He also argues that his appellate counsel was ineffective

for failing to raise this issue on appeal.

Petitioner's claim lacks merit. Petitioner's counsel was

not ineffective for failing to object to this in camera

discussion between the Court and the Probation Department.

"[T]he Probation Department is an arm of the court[,]" and "the

probation officer is a 'confidential adviser to the court, . . .

the court's 'eyes and ears', a neutral information gatherer with

loyalties to no one but the court'" such that "the close working

relationship between the probation officer and the sentencing

17

court" allows for the "probation officer [to] communicate ex parte with the district court." <u>United States v. Burnam</u>, 192 F. App'x 103, 106, (3d Cir. 2006) (citing <u>United States v. Aspinall</u>, 389 F.3d 332, 348-49 (2d Cir. 2004)). <u>See also</u> <u>United States v. Stanphill</u>, 146 F.3d 1221, 1224 n. 1 (10th Cir. 1998) ("A district court's ex parte communications with a probation officer responsible for sentencing recommendations is not improper per se.").

The sentencing transcript reflects that Petitioner was present for the entirety of the substantive arguments and testimony presented at his sentencing, as well as the Court's pronouncement of sentence. Although the Court briefly recessed between the substantive portion of the sentencing and the pronouncement of sentence, the Court's consultation with Probation regarding the final language for the judgment was not improper nor did it substantively affect the sentence that Petitioner received. The nature of the communication which Petitioner asserts was improper was specifically made only to ensure the accuracy of the final language utilized in the judgment of conviction. Because an objection to this discussion would have lacked merit, Petitioner's counsel was not ineffective for failing to make the objection. <u>See</u> <u>United States v. Hall</u>, No. 06-cr-2, 2010 U.S. Dist. LEXIS 43754, *8, 2010 WL 1816796, *3 (E.D. Pa. May 4, 2010) ("An attorney cannot

be ineffective for failing to raise a claim that lacks merit.")
(citing Moore v. Deputy Comm'r of SCI-Huntington, 946 F.2d 236,
245 (3d Cir. 1991)). Likewise, it was not ineffective for his
appellate counsel not to raise this issue on appeal.

In addition, Petitioner has failed to demonstrate any
prejudice that resulted from this incident. At the point in the
hearing in which the Court consulted with the Probation
Department, the substantive part of the hearing had come to a
close and the Court had already decided upon the length of
sentence to pronounce. For these reasons, the Court will deny
Petitioner's second ground for relief.[4]

IV. MOTION TO AMEND

In the Motion to Amend filed on January 17, 2017,
Petitioner requests the Court's permission to amend his Petition
to include a claim arising under Mathis v. United States, 136 S.
Ct. 2243 (2016). ECF No. 20 at 1. According to Petitioner, his
prior crimes no longer qualify as predicate offenses under the

---

[4] The cases cited by Petitioner in support of his argument that
this communication was improper are factually distinguishable
and irrelevant to the claim here. See United States v. Faulks,
201 F.3d 208 (3d Cir. 2000) (involving sentencing conducted in
writing and imposed without the defendant's presence); United
States v. Bertoli, 40 F.3d 1384 (3d Cir. 1994) (involving
court's in camera discussions with jurors); United States v.
Christman, 509 F.3d 299 (6th Cir. 2007) (involving statement
made by judge that judge's sentencing decision was influenced by
off-the-record meetings with probation officers).

Guidelines and thus his status as a Career Offender is improper. Id.

A habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15 permits the amendment of pleadings by leave of court, and such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Whether to permit amendment is left to the discretion of the court, and denial is proper when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 174 (3d Cir. 2010). Amendment is "futile" if "that claim would not be able to overcome the statute of limitations." Cowell v. Palmer Twp., 263 F.3d 286, 296 (3d Cir. 2001). Where a claim is barred by the statute of limitations, amendment is only permitted if the amendment "relates back to the date of the original pleading" pursuant to Rule 15(c). Anderson v. Bondex Int'l, Inc., 552 F. App'x 153, 156 (3d Cir. 2014). The Motion must be denied because the claim to be raised by amendment is untimely and does not relate back to the Petition.

A. <u>Timeliness of Proposed Claim</u>

Section 2255 provides a one-year statute of limitations from the date on which the petitioner's conviction becomes final and from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(1) & (3).  Petitioner's proposed claim would be untimely under § 2255(f)(1) because Petitioner has sought to add it over a year after his conviction became final on January 21, 2014. <u>See</u> ECF No. 20 (filed Jan. 17, 2017).  In the Motion, Petitioner asserts that <u>Mathis</u> represents an intervening change in the law which allows him to relitigate this issue now.  The Court construes Petitioner to assert that <u>Mathis</u> announced a new right that retroactively applies to his conviction, rendering his proposed new claim timely under § 2255(f)(3).

Under § 2255(f)(3), both the Supreme Court and lower federal courts can decide the retroactive applicability of a new right announced by the Supreme Court when reviewing a petition. <u>See</u> <u>United States v. Swinton</u>, 333 F.3d 481, 487 (3d Cir. 2003) (holding that "the statute of limitations provision of § 2255 allows district courts and courts of appeals to make retroactivity decisions").  Thus, if <u>Mathis</u> recognized a new right for § 2255(f)(3), Petitioner's proposed claim would be

timely as he filed it within one year of the date <u>Mathis</u> was decided on June 23, 2016.

The Third Circuit has not yet decided in a published decision whether <u>Mathis</u> recognized a new right for the purpose of § 2255(f)(3), but it has cited approvingly to the reasoning of several other Courts of Appeals that have determined that neither <u>Mathis</u>, nor its predecessor, <u>Descamps v. United States</u>, 570 U.S. 254 (2013), establish a new right.  See <u>Boatwright v. Warden, FCI Fairton</u>, 2018 WL 3640305, at *2 (3d Cir. July 31, 2018) (citing <u>Dimott v. United States</u>, 881 F.3d 232, 237 (1st Cir. 2018), <u>cert.</u> <u>denied</u>, No. 17-1251, 2018 WL 1243146 (U.S. June 25, 2018); <u>In re Conzelmann</u>, 872 F.3d 375, 376-77 (6th Cir. 2017); <u>Beeman v. United States</u>, 871 F.3d 1215, 1219-20 (11th Cir. 2017); <u>United States v. Morgan</u>, 845 F.3d 664, 666-67 (5th Cir. 2017)).

The Court agrees with the Courts of Appeals that have held that <u>Mathis</u> is not new.  In <u>Mathis</u>, the Supreme Court stated that its "precedents make [it] a straightforward case," observing that its prior rulings and over twenty-five years of precedent dictate its conclusion.  136 S. Ct. at 2257.  Because <u>Mathis</u> does not announce a new right but simply applies the Court's prior precedents to a new factual scenario, Petitioner's proposed claim does not fall within the exception in § 2255(f)(3) and is untimely.

B. Relation Back to Petition

The Court will also consider whether the proposed claim is timely because it relates back to the Petition. "An amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "An amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Id. at 664.

Petitioner raises for the first time in his Motion to Amend an argument that his predicate convictions could not be used to qualify him as a Career Offender under the Guidelines. Petitioner was required to set forth all grounds for relief in his Petition and was specifically warned that he may be "barred from presenting additional grounds at a later date." ECF No. 1 at 14, ¶ 11. See Mayle, 545 U.S. at 655-56 (model habeas form includes cautionary instruction to include all grounds for relief); Whitaker v. Superintendent Coal Township SCI, 721 F. App'x 196, 202 (3d Cir. 2018). Notably, although Petitioner

styles his proposed amendment as a "Mathis" claim, Mathis merely reiterated established Supreme Court precedent, see 136 S. Ct. 2257, and did not create a new right or change in the law. Thus, Petitioner could have challenged the applicability of his predicate offenses in his original Petition (or in his direct criminal proceedings) without regard to the Mathis decision.

The operative facts that would be utilized to support an argument regarding his predicate offenses would consist of the detail and nature of his prior offenses, as well as the relevant statutory language utilized in New Jersey to sustain such convictions. These facts differ from those outlined in the Petition to support Petitioner's ineffective assistance of sentencing and appellate counsel. See, e.g., Whitaker, 721 F. App'x at 202 (noting operative facts to support new theory of relief differed from those used to support existing ineffective assistance of counsel claims and thus new theory did not relate back). Because Petitioner's proposed amendment does not relate back to his Petition and was filed almost two years after his conviction became final, the proposed claim is untimely, and the Court must deny the Motion to Amend as futile.[5]

_____

[5] Even if the proposed amendment were timely, the Court would still deny the Motion, as the proposed amendment appears substantively futile. The Third Circuit has held that Petitioner's offense pursuant to N.J. Stat. Ann. 2C:35-5 fits within the Guidelines definition of a controlled substance offense and were thus properly used as a predicate offense. See

V.    EVIDENTIARY HEARING

An evidentiary hearing is not warranted when the files and records of the matter conclusively show that the petitioner is entitled to no relief.  See 28 U.S.C. § 2255(b).  Petitioner has failed to meet his burden of demonstrating the ineffectiveness of his trial or appellate counsel, and the Court will decline to order an evidentiary hearing.

VI.   CERTIFICATE OF APPEALABILITY

The Court will deny a certificate of appealability. Petitioner has not demonstrated "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

VII.  CONCLUSION

For the foregoing reasons, the Court will deny the Motion to Amend, deny the Petition, and decline to issue a certificate of appealability.  An appropriate order follows.


Dated:  September 28, 2018          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

United States v. Jackson, 710 F. App'x 90, 91 (3d Cir. Oct. 5, 2017).  This Court has so held as to Petitioner's other predicate offenses pursuant to N.J. Stat. Ann. 2C:35-7.  See Gonzales v. United States, No. 16-cv-9412, 2017 WL 4119585, at *2-3 (D.N.J. Sept. 15, 2017).  The other case cited by Petitioner, Chang-Cruz v. Attorney General of the United States, 659 F. App'x 114 (3d Cir. 2016), involved the classification of predicate offenses under the Immigration and Nationality Act and is thus inapposite.  The application of Chang-Cruz to cases involving the Guidelines was rejected by the Third Circuit in Jackson.  710 F. App'x at 92.